**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114759

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maggie M. Covington,<br><br>Plaintiff,<br><br>vs.<br><br>Capital Management Services, LP,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Maggie M. Covington (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Management Services, LP (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Maggie M. Covington is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Management Services, LP, is a New York Limited Liability Partnership with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 15, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. The Letter includes a settlement offer of the "amount presently owed."

19. The settlement offer must be accepted within 45 days.

20. The Letter fails to indicate whether the amount stated will increase if the settlement is not accepted.

21. The Letter could reasonably be read by the least sophisticated consumer to mean

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

that the amount stated will increase if the settlement offer was not accepted.

22. Because the least sophisticated consumer would not know whether the amount stated will increase if the settlement offer was not accepted, the consumer's ability to respond to the settlement offer is negatively affected.

23. Because the least sophisticated consumer would not know whether the amount stated will increase if the settlement offer was not accepted, the consumer would be unable to determine the actual value of Defendant's settlement offer.

24. Because of the phrase "amount presently owed," the least sophisticated consumer would not know whether the balance will change if the settlement offer was not accepted.

25. Because of the phrase "amount presently owed," the Letter intimates that the balance will increase if the settlement offer was not accepted.

26. Because of the phrase "amount presently owed," the Letter creates the false impression that the least sophisticated consumer must accept the settlement, or the amount stated will increase.

27. Because of the phrase "amount presently owed," the Letter creates a false sense of urgency.

28. Because of the phrase "amount presently owed," the Letter creates a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant.

29. Because of the phrase "amount presently owed," the Letter creates a false sense of urgency that may cause the least sophisticated consumer to choose to accept the settlement.

30. Because of the phrase "amount presently owed," the Letter creates a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant rather than another debt.

31. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

32. The Letter could be read by the least sophisticated consumer to mean that the balance will change if the settlement is not accepted.

33. The Letter could be read by the least sophisticated consumer to mean that the balance will increase if the settlement is not accepted. .

34. The Letter could be read by the least sophisticated consumer to create the false impression that the consumer must accept the settlement, or the balance will increase.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

35. The Letter could be read by the least sophisticated consumer to create a false sense of urgency.

36. The Letter could be read by the least sophisticated consumer to create a false sense of urgency that may cause the least sophisticated consumer to choose to pay Defendant.

37. Because the least sophisticated consumer would not know whether, if the settlement was not accepted the balance may increase, the Letter is deceptive.

38. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

39. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

43. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

46. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

47. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

given moment in the future.

48. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

49. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

50. The Letter, because of the aforementioned failure, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

51. The Letter, because of the aforementioned failure, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

52. The Letter, because of the aforementioned failure, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

53. The Letter, because of the aforementioned failure, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

54. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

55. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

## JURY DEMAND

56. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: March 5, 2018

        **BARSHAY SANDERS, PLLC**

        By: _/s/ *Craig B. Sanders*_____
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 114759